## RIDDLE *v.* DIXON.

1. A stranger to a suit for damages occasioned by the erection of a dam, whose land is thereby flooded, is not incompetent as a witness, even though he may have granted the right, of which the party cannot avail himself but by thus swelling the water.
2. Declarations of the owner, to be evidence against his grantee, must be prejudicial to himself at the time; hence, where A., who was the owner of land on which he had erected a mill and dam, was also the owner of tract B., his declarations as to the extent of his right to swell the water on tract B., by means of a dam under a grant of the former tract, are not evidence against the subsequent owner of B.

*April* 20, 21.—DIXON brought an action on the case against Riddle for swelling the waters of Chester Creek on his land and mill-race, by means of a dam below. On the trial, he called one Peterson to prove that defendant's dam was too high; defendant objected, and showed a deed from witness to himself for a piece of land above the dam, together with the privilege of flooding the land to a certain point, the

position of which was the question of fact now in controversy. Defendant alleged witness was thus interested in lowering the dam, thereby diminishing the right of defendant in the easement conveyed. The court admitted the evidence, and this is the first exception. Plaintiff called one Crozer for the same purpose, who was the owner of land on the opposite side of the creek, adjoining and above the defendant's dam; the same objection and decision was made, and is the second exception.

The plaintiff claimed title under one Sharpless, to whom the land on which the mill and dam is erected was conveyed in 1785, " with the privilege of raising the waters of Chester Creek as high as a certain auger-hole marked 1785." Defendant having shown that Sharpless was also owner of part of the land, for an injury to which, the action is now brought, but on which there was then no mill or race-way at the time, and which was separated by other land from that owned by defendant, offered to show that whilst owner of these two tracts, Sharpless took the witness to the rock and pointed out to him the auger-hole, as the one mentioned in said deed, and declared it to be the limit of the right. The rejection of this evidence is the third exception.

*Darlington* and *Lewis*, for plaintiff in error.—The witnesses, Peterson and Crozer, were clearly interested; for they were swearing for their own interest. [*Kennedy*, J.—The verdict could not be given in evidence for them.] But the necessary consequence was, in the one case, to relieve his land from a charge put on it by himself for valuable consideration, and in the other, his right was increased. [ *Curiam*.— He may not choose to abate his dam, notwithstanding the verdict.] A succession of verdicts will compel him, and we are to look to probabilities. [ *Curiam*.—Such a possibility is no ground for excluding testimony.] The declarations of Sharpless were evidence as an owner of part of the land averred in the declaration to be injured by this act. It is a well-settled principle that admissions of a fact may always be given in evidence against a party, or those coming under him, Stansbury *v.* Arkwright, 5 Carr. & Payne, 575 ; Walker *v.* Brodstock, 2 Esp. 469 ; Hindley *v.* Rickerley, 5 Id. 4 ; and Wallace's note to 2 Smith's Sel. Lead. Cases, 470 ; Ashler *v.* Kneesley, 2 Serg. & Rawle, 354.

*Edwards* and *Tilghman*, contrà.—The witnesses are not to be rejected for such a remote contingent interest, if interest it can be called, which is not in the damages to be recovered, nor in any use which they can make of the verdict, or which can be made against them ; a mere interest in a fact in controversy never excludes a witness, Greenleaf

2 I

Ev. sect. 390, and cases cited, 6 Binn. 319 ; Moss *v.* Montgomery, 15 Serg. & Rawle, 2.    As to the declarations of Sharpless, they were offered to show the extent of his own grant, thereby affecting all the owners on the stream; but a grantee cannot thus establish his own title, Waring *v.* Warren, 1 Johns. Rep. 348 ; Greenleaf Ev. sect. 147, and cases there collected.

*April* 27.    GIBSON, C. J.—The testimony of Peterson was properly admitted.    He owned a tract of land on the right bank of the creek, subject to the right of the defendant to flood it, by raising the water to the height of a mark in a rock in the opposite bank, designated in a conveyance to the defendant from the witness ; and hence an argument that he was practically, if not theoretically, interested in the maintenance of the action, as it might, perchance, compel the defendant to reduce the height of his dam even below the point licensed by the witness.    His interest, however, was not direct but incidental, and not fixed but contingent.    He could gain nothing by the verdict which he could enforce.    It would be exclusively in the power of the plaintiff to sue out execution of his judgment when he had obtained it ; and the defendant might choose to keep up his dam even in despite of it.    It is not probable that he would, but he might do so ; and instances of invincible obstinacy in similar cases have been met with.    The interest of the witness, in the event of the suit, therefore, was not only incidental but contingent ; and it was consequently not such as to exclude him.    But it has been argued that it would be incongruous to exclude him in an assize of nuisance, because the judgment is quod permittat prosternere nocumentum ; and admit him in an action on the case because the judgment is for damages.    The supposed incongruity, however, has no existence in fact; for the defendant might still purchase his peace with the plaintiff even after judgment of prostration ; and the interest of the witness would be nevertheless incidental and contingent.    Besides, it would be enough to obviate the force of the objection that it rested on no principle of law, but on a principle of hydrostatics, which is not a subject of legal adjudication; and that it went, not to the competency of the witness, but to his credibility.

The objection to the testimony of Crozer, who had granted no license, is still less plausible.    He had no encumbrance to evade by the practical effect of the plaintiff's action.    He had granted nothing ; and if his rights were invaded he had an action for the injury, on the trial of which the verdict in the action before us would be inadmissible for any purpose.

The remaining exception is equally unfounded.    The declarations

of an owner are competent evidence against a successor to the title only on the ground of confession by a predecessor, who had power to affect it while he owned it. Such is distinctly the principle of Ivat *v.* Finch, 1 Taunt. 141; Walker *v.* Broadstock, 1 Esp. Ca. 458, and Gibblehouse *v.* Strong, 3 Rawle, 477. But a confession, to be such, must be prejudicial to him who makes it; and for that reason it is, that the sacrifice of interest it involves is allowed to be an equivalent for an oath, the pocket being as good a touchstone of truth as the conscience. Entries by which a deceased person charged himself, are allowed to affect another with whom he had neither privity nor connection; but a privy may be affected by admissions of his predecessor, even while the latter is living within reach of the process of the court. The key to the difficulty which arises out of the difference is, that a privy stands in the shoes of the person he represents, whose admissions, under a consciousness of their effect, are not of inferior degree to his testimony under the influence of an oath. But such admissions must, in the apprehension of the party, be concessions; and what fact detrimental to him did Nathan Sharpless mean to concede, by asserting a right to maintain his dam at the height prescribed in Abraham Pennel's conveyance to him? True, he owned, at the same time, the tract above, on which the plaintiff's mill had since been built; but it was indispensably important to his mill below to maintain his right to flood the property on the opposite bank, the consequences of which, to his property above, seem to have been of less consideration. As he built no mill on it, we must suppose he did not estimate its advantages as a site very highly; nor does it appear that it would have afforded sufficient power, without the easement, for the tail-race, which has since been purchased from the owner of the intermediate tract. He showed the hole in the rock as the landmark of a right, not as the evidence of an encumbrance. To say the least, neither interest preponderated; but it follows not that his declaration would have been competent between these parties, if it had involved him in a sacrifice. Could he have given it in evidence against the plaintiff, had he continued to own the defendant's property? It will not be pretended that he could; yet the defendant stands exactly in his place. But as it was not shown that he considered his interest in the water-power of the upper tract to be the preponderating one, it is independently clear that his declarations were not evidence to affect the interest of his successor in the lower one.

Judgment affirmed.